Julius L. Brown, for plaintiff in error.

Hopkins & Glenn, for defendants.

---

WESTERN & ATLANTIC RAILROAD *vs* ABBOTT.

CASE FROM FULTON. Railroads. Damages. Negligence. (Before Judge Hammond.)

[Jackson, C. J . being disqualified, Judge Lumpkin, of the Northern Circuit, presided in his stead.]

Lumpkin, J —1. On the trial of a case brought to recover from a railroad company for personal injuries to the plaintiff, caused by one of defendant's engines, it was not error for the court to give in charge to the jury, section 3033 of the Code. It may, in many instances, require but slight evidence to rebut the presumption of negligence the law raises against the company, but it always remains till removed by the proof, which may be that offered by either side.

2. A new trial should not be granted in such a case because the court gave in charge to the jury sections 3034 of the Code, there being testimony from which the jury might find both parties were at fault, and it appearing also that the court gave in charge 2972.

3. On the trial of a suit to recover for personal injuries, it is proper, if the testimony so authorizes, for the jury to allow the plaintiff compensation for the pain and suffering occasioned him, and the court correctly instructed the jury, that in such cases "the enlightened conscience of an impartial juror is the guide by which the measure of damage may be ascertained."

4. It has been thoroughly settled by repeated rulings of this court, that if there is any evidence to sustain the verdict, and it is satisfactory to the court below, and no error of law was committed by the judge on the trial, this court will not interfere with his discretion, or grant a new trial.

Judgment affirmed.

Julius L. Brown, for plaintiff in error.

Abbott & Gray; Hopkins & Glenn, for defendant.